

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 30, 1996

Mr. Mike Moses
Commissioner
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-387

Re: Whether a school district must comply with the competitive bidding procedures specified in Local Government Code chapter 271, subchapter B when seeking to bid a construction contract valued at $25,000 or more in the aggregate for a twelve-month period and related question (RQ-861)

Dear Commissioner Moses:

You ask whether a school district must comply with the competitive bidding procedures specified in Local Government Code chapter 271, subchapter B when seeking to bid a construction contract valued at $25,000 or more in the aggregate for a twelve-month period. Your question requires that we consider the interplay between Local Government Code chapter 271, subchapter B and section 44.031 of the Education Code. You also ask whether a community college district, junior college district, and regional college district must comply with the purchasing and contracting procedures articulated in chapter 44, subchapter B of the Education Code.

Section 44.031 of the Education Code, which the Seventy-fourth Legislature enacted,[1] pertains to school district contracts. Educ. Code § 44.031(a). The section provides in pertinent part as follows:

> (a) Except as provided by this section, all school district contracts,[2] except contracts for the purchase of produce or vehicle fuel, valued at $25,000 or more in the aggregate for each 12-month period shall be made by the method, of the following methods, that provides the best value to the district:
>
> (1) competitive bidding;

---

[1] *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Sess. Law Serv. 2207, 2425-26.

[2] Fees received for professional services rendered are not subject to section 44.031. Educ. Code § 44.031(f).

(2) competitive sealed proposals;

(3) a request for proposals;

(4) a catalogue purchase . . . ;

(5) an interlocal contract; or

(6) a design/build contract.

(b) In determining to whom to award a contract, the district may consider:

(1) the purchase price;

(2) the reputation of the vendor and of the vendor's goods or services;

(3) the quality of the vendor's goods or services;

(4) the extent to which the goods or services meet the district's needs;

(5) the vendor's past relationship with the district;

(6) the impact on the ability of the district to comply with laws and rules relating to historically underutilized businesses;

(7) the total long-term cost to the district to acquire the vendor's goods or services; and

(8) any other relevant factor that a private business entity would consider in selecting a vendor.

(e) To the extent of any conflict, this section prevails over any other law relating to the purchasing of goods and services except a law relating to contracting with historically underutilized businesses. [Footnote added.]

Chapter 271, subchapter B of the Local Government Code provides competitive bidding procedures a governmental entity must use, if applicable, for certain public works contracts. A governmental entity must comply with chapter 271, subchapter B only if the entity "is required by statute to award a contract for the construction, repair or renovation of a structure, road, highway, or other improvement or addition to real property on the basis of competitive bids" and if the contract requires the entity to expend more than $15,000 of its own funds. Local Gov't Code § 271.024. A common or independent

school district is a governmental entity to which chapter 271, subchapter B may apply. *See id.* § 271.021(2)(C).

In Attorney General Opinion JM-1220 this office concluded, in accordance with section 271.024 of the Local Government Code, that the competitive bidding procedures described in chapter 271, subchapter B apply "only when a separate statute requires the contracts for the enumerated projects to be awarded on the basis of competitive bids." Attorney General Opinion JM-1220 (1990) at 3-4. If a separate statute does not require a government entity to competitively bid a contract for the enumerated projects, the entity need not comply with chapter 271, subchapter B. *Id.* at 5.

We must consider, therefore, whether Education Code section 44.031 requires a school district to competitively bid a contract for the construction, repair, or renovation of a structure, road, or other improvement or addition to real property, *see* Local Gov't Code § 271.024, assuming that the value of the contract exceeds $25,000 in the aggregate over a twelve-month period. By its terms, section 44.031(a) requires a school district to utilize the purchasing method, of the six listed methods, that will provide the best value to the school district. Thus, when a school board determines that competitively bidding a contract will provide the best value to the school district, section 44.031 requires the school to competitively bid it. In that circumstance, section 271.024 of the Local Government Code plainly requires a school district to comply with the competitive bidding procedures articulated in chapter 271, subchapter B of the Local Government Code. Of course, to the extent that any of the procedures mandated by chapter 271, subchapter B conflict with section 44.031 of the Education Code, section 44.031 prevails. *See* Educ. Code § 44.031(e).

We turn to your second question, regarding the applicability of chapter 44, subchapter B of the Education Code to community college districts, junior college districts, or regional college districts. Chapter 44, titled "Fiscal Management," and subchapter B, which applies to purchases and contracts, expressly apply to public school districts. Section 130.005(a) of the Education Code indicates that the terms "community college" and "junior college" are synonymous. A junior college district is constituted as a school district for purposes of article VII, section 3 of the Texas Constitution. Educ. Code § 130.122(f).

Additionally, the legislature repealed chapter 130, subchapter F of the Education Code, providing for the creation of regional college districts, in 1985. *See* Act of May 16, 1985, 69th Leg., R.S., ch. 302, § 3, 1985 Tex. Gen. Laws 1353, 1355. Nevertheless, section 130.122(f), which is located in subchapter G of the Education Code, states that a regional college district is constituted as a school district for purposes of article VII, section 3 of the Texas Constitution.

With respect to the management and control of a junior college district, the board of trustees is to be governed by the general law governing the management and control of

an independent school district. *Id.* § 130.084. Because of the virtual equivalence of a junior college district, a community college district, and a regional college district, we believe section 130.084 of the Education Code pertains to the management and control of all three types of districts.[3] Furthermore, we believe a junior college district's purchasing and contracting duties are part of the management or control of the district. We accordingly conclude that chapter 44, subchapter B of the Education Code, which provides for purchases and contracts of a school district, also applies to a junior college district.

## S U M M A R Y

Where a school board determines that competitive bidding on a contract for an improvement to real property will provide the best value to the school district, section 44.031(a) of the Education Code requires the school to competitively bid the contract. In that circumstance, the school district must comply with the competitive bidding procedures articulated in chapter 271, subchapter B of the Local Government Code, to the extent the procedures do not conflict with section 44.031 of the Education Code.

Chapter 44, subchapter B of the Education Code, which provides for purchases and contracts of a school district, also applies to a junior college district, community college district, and regional college district.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[3]For the sake of brevity, we will use the term "junior college district" to refer to junior college districts, community college districts, and regional college districts.